UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERRY VANDIVER,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN MOSLEY, et al.,<br><br>    Defendants. | Case No. 24-cv-13251<br><br>Honorable Robert J. White |

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Jerry Vandiver is currently incarcerated with the Michigan Department of Corrections at the Gus Harrison Correctional Facility. (ECF No. 1). Before the Court is his *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court (1) denies the application, and (2) dismisses the complaint without prejudice.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Vandiver is no stranger to *pro se* civil rights litigation.  He acknowledges being an enjoined filer because he violated 28 U.S.C. § 1915(g)'s "three-strikes" provision. (ECF No. 1, PageID.6, ¶ 1). See *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 582 (6th Cir. 2013) ("Vandiver concedes that his application is subject to the three-strikes rule under 28 U.S.C. § 1915(g)").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

28 U.S.C. § 1915(g).  The sole question here is whether Vandiver's allegations fall within the "imminent danger" exception to the "three-strikes" rule.

To plausibly establish imminent danger "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver*, 727 F.3d at 585 (quotation omitted).  An assertion that the prisoner "faced danger in the past is insufficient to invoke the exception." *Id.* (quotation omitted); *see also Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Vandiver's allegations may not proceed under the imminent danger exception. Insofar as he asserts that unnamed "health care providers" are refusing to treat him at the Gus Harrison Correctional Facility, these allegations are entirely unrelated to Vandiver's claim against the defendants.  The complaint names only two MDOC corrections officers, neither of whom played any role in providing or withholding his essential medical care. (ECF No. 1, PageID.7).  Vandiver attests that these corrections officers confiscated his "legal files" in violation of the First Amendment to the United States Constitution – nothing more. (*Id.*).  So he fails to demonstrate that "his claim of imminent danger is somehow related to his claims against the defendant[s] in this case, as is necessary to satisfy the imminent danger requirement." *Jenkins v. Henry Ford Allegiance Health,* No. 21-2954, 2022 U.S. App. LEXIS 6670, at *3 (6th Cir. Mar. 15, 2022) (internal quotation marks omitted);

*see also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (holding that section 1915(g) requires a connection between the imminent danger the prisoner alleges and the substantive claims asserted in the complaint); *Shephard v. Clinton*, 27 F. App'x 524, 525 (6th Cir. 2001) (prohibiting a three-strikes filer from commencing any additional lawsuits or appeals *in forma pauperis* unless the complaint, among other things, "describe[s] the relationship between the alleged danger and the claims contained in the underlying complaint.").

Vandiver also maintains that MDOC staff "denied [him] proper medical treatment" for prostate cancer "in retaliation for his First Amendment protected speech activities while he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan." (ECF No. 1, PageID.7). But this denial of medical care must have already occurred because MDOC no longer houses Vandiver at the G. Robert Cotton Correctional Facility. He is now incarcerated at the Gus Harrison Correctional Facility located in Adrian, Michigan. (*Id.*, PageID.9, ¶ 2; PageID.23). And, as discussed above, past hazards cannot trigger the imminent danger exception. *See, e.g., Vandiver*, 727 F.3d at 585; *Taylor*, 508 F. App'x at 492; *Rittner*, 290 F. App'x at 797-98.

Because Vandiver may not avail himself of the imminent danger exception, section 1915(g) precludes him from commencing this action without prepaying the filing fee. Accordingly,

4

IT IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 2) is denied.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed without prejudice. Vandiver may file a new action after paying the filing fee to the Clerk of the Court.

IT IS FURTHER ORDERED that Vandiver may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: December 10, 2024          s/ Robert J. White
                                  Robert J. White
                                  United States District Judge